# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SEAN OWENS § § v. § § NEOVIA LOGISTICS LLC, NEOVIA § LOGISTICS LP, NEOVIA LOGISTICS § INTERMEDIATE HOLDINGS LP § | Civil Action No. 4:17-CV-107 (Judge Mazzant/Judge Nowak) |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Parties' Agreed Joint Motion to Transfer Venue and Permit Amendment by Plaintiff (Dkt. #24). The Court, having considered the relevant pleadings, finds the motion is granted in part.

Plaintiff initiated this lawsuit *pro se* on February 13, 2017, asserting claims based on alleged overtime and other wage underpayment under the Fair Labor Standards Act ("FLSA") (*see* Dkt. #1; Dkt. #14). On April 5, 2017, Defendant Neovia Logistics Services, LLC, filed a motion to dismiss Plaintiff's claims (Dkt. #7), which the Court denied as moot, ordering Plaintiff to file an amended complaint to cure the alleged pleading deficiencies (Dkt. #10). Plaintiff then filed the Amended Complaint (Dkt. #13) on April 28, 2017, and Second Amended Complaint (Dkt. #14) on May 1, 2017. In response to the Second Amended Complaint, Defendants filed a Motion to Dismiss or, in the Alternative, Motion to Transfer Venue (Dkt. #17), requesting that the Court dismiss Plaintiff's claims or, alternatively, transfer the case to the United States District Court for the Northern District of Texas. Plaintiff initially opposed Defendants' request to transfer; however, on June 19, 2017, the Parties jointly filed the instant motion advising the Court Plaintiff no longer opposes any request to transfer and asking that the Court transfer this case to the United States District Court for the Northern District of Texas (Dkt. #24). Through the instant motion,

the Parties also request that the Court order that (1) Plaintiff "shall be permitted to amend his complaint within 10 days of the transfer" and (2) "Defendants' current pending motion to dismiss [be denied as] moot" without "prevent[ing] Defendants from bringing additional motions pursuant to the Federal Rules of Civil Procedure" (Dkt. #24).

According to the uncontested allegations and averments before the Court, Plaintiff resides in Dallas County, and each of Defendants Neovia Logistics Services, LLC, Neovia Logistics, LP, and Neovia Logistics Intermediate Holdings, LP's respective headquarters are also located in Dallas County, which rests within the Northern District of Texas (Dkt. #17 at 3, 5-6). Moreover, the bulk of Defendants' alleged wrongful acts occurred within Dallas County, in the Northern District of Texas (Dkt. #17 at 5-6, Exhibit 1). The general federal venue statute, which governs actions under the FLSA, prescribes as follows regarding the proper venue for a civil action:

> **(b) Venue in general.**--A civil action may be brought in--
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391; *see also Payne v. Grayco Cable Servs., Inc.*, No. 1:11-CV-487, 2011 WL 13076902 (E.D. Tex. Dec. 8, 2011) (applying § 1391 in FLSA case). Further, "if it be in the interest of justice," a court may "transfer [a] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, the allegations and averments show Plaintiff could have brought this litigation in the Northern District of Texas because all Defendants are residents of Dallas County, within the Northern District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Dallas County (*see* Dkt. #17). The Parties agree this

case should be transferred to the Northern District, as well (Dkt. #24).  Accordingly, the Court finds Plaintiff could have brought this case in the United States District Court for the Northern District of Texas and that it is "in the interest of justice" that this case be transferred to that court.

It is therefore **ORDERED** that the Parties' Agreed Joint Motion to Transfer Venue and Permit Amendment by Plaintiff (Dkt. #24) is hereby **GRANTED in part**, and this case is transferred in its entirety to the Northern District of Texas, Dallas Division.  The request to file an amended complaint should be addressed with the Northern District of Texas.

The Clerk is directed to transfer this case to United States District Court for the Northern District of Texas, Dallas Division.

**IT IS SO ORDERED**.
**SIGNED this 29th day of June, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE