UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SEAN OWENS.<br>Plaintiff,<br><br>v.<br><br>NEOVIA LOGISTICS, SERVICES LLC,<br>Defendant.<br>_____/ | Civil Action No. 3:17-CV-1719-G |

## MOTION TO COMPEL DISCOVERY RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff respectfully petitions this Court, based on the Federal Rules of Civil Procedure Rule 37, to compel Defendant to sufficiently and truthfully answer Plaintiff's Interrogatories *(see exhibit 3)* and produce the documents already specified.*(see exhibit 11)*. Plaintiff certifies that he has, in good faith, conferred or attempted to confer with the defendant failing to make disclosure or discovery in an effort to obtain it without court action by submitting discovery requests to the defendant on November 4th, 2017. Defendant did respond to Plaintiff's discovery requests on December 4th, 2017 but only provided standardized, general objections and denials that were non-specific and lacked both a legal and factual basis. Plaintiff conferred once more with the defendant on December 26th, 2017 requesting more adequate and proper responses but Defendant has failed to acknowledge.

Considering the amount of time the defendant had to complete the discovery requests, it can be taken that the insufficiency and lacking nature of the responses was calculated and intended and Defendant chooses not to confer.

I. **LEGAL STANDARD**

**A. FRCP Rule 26:**

Federal Rule of Civil Procedure 26(b) permits a party to discover "any non-privileged matter that is relevant to any party's claim or defense" or information that "appears reasonably calculated to lead to the discovery of admissible evidence."

**B. Rule 26(b)(5)(A)**

"Federal Rules of Civil Procedure requires that a party who withholds information on grounds of privilege must (i) expressly make the claim; and (2) describe the nature of the documents,

communications, or tangible things not produced or disclosed -- and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. A party withholding privileged documents from discovery complies with Rule 26(b)(5)(A) by producing a log containing the following information for each withheld document: the date, type of document, author(s), recipient(s), general subject-matter of the document, and the privilege being claimed (e.g., attorney-client). A production log or similar document may explain where documents on the privilege log were found, identify lawyers on the log, or provide other information.

### C. FRCP Rule 33:

Federal Rule of Civil Procedure 33(a)(2) states "an interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact,".(*Tevino v. Celaneze Corp.*, 701 F.2d 397, 406 (5th Cir. 1983)

Rule 33 (b)(1)(A) states the interrogatories must be answered "by the party to whom they are directed; or (B) if that party is a public or private corporation,...by any officer or agent, who must furnish the information available to the party." The answers and objections further state under (B)(3)(4)(5) that (3) "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."(4) "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."(5) "The person who makes the answers must sign them, and the attorney who objects must sign any objections."

### D. FRCP Rule 34 (Amended):

Rule 34(a)(1) states that "A party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: 34(a)(1)(A) any designated documents or electronically stored information -- including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations -- stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or (B) any designated tangible things;."

Rule 34(b)(2)(B)(C)(E)(i) provides that "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons; (C) An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest; (E)(i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;."

### E. FRCP Rule 37:

Fed. R. Civ. P. 37(a)(3)(B)(iii)(iv) states that "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34.

Rule 37(a)(4) speaks to giving evasive or incomplete disclosures, answers, or responses. "For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

## II. DEFENDANT HAS FAILED TO ANSWER PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION AND SHOULD BE COMPELLED TO DO SO

On December 4th, 2017, Defendant Neovia Logistics and representative Counsel provided responses to Plaintiffs' First Set of Interrogatories and Request For Production and Things. *(see exhibits 3,11)*. Defendant's interrogatory responses contain a litany of objections. The defendant's answers to all nineteen (19) Plaintiff Interrogatories fall within four (4) categorical types of responses: 1) attorney-client and work product doctrine, 2) limited in subject-matter and temporal scope, 3) overly broad/seeks info not relevant or proportional, and 4) vague and ambiguous. All the interrogatory responses overlap across multiple categories or simply repeat. The defendant provided answers to only four (No. 6,7,13,14) of the nineteen interrogatories.

As with the plaintiff's requests for admission, Defendant utilized nearly identical stock *'general objections,'* and *'objections to definitions,'* and used the same categorical boilerplate objections mentioned in the preceding paragraph in their responses for Plaintiff's requests for production of documents and interrogatories.

### Defendant's averment to attorney-client and work-product privilege

The attorney-client privilege as a general matter, protects a communication, made between privileged persons (*i.e., attorney, client or agent*), in confidence, for the purpose of obtaining or providing legal assistance for the client. However, the privilege does not protect or permit a party to resist disclosure of the facts underlying those communications. *(Upjohn Co. v. United States, 449 U.S. 383, 395-96 (1981))*. Thus, "the privilege will not protect a client from testifying about their recollections or records, only whether the client related them to her attorney. Also, though the intent of the privilege is to encourage free disclosure, it typically does not act to protect clients from incrimination" as the facts are always the focus of any litigation and discoverable. *(In re Grand Jury Proceedings, 791 F.2d 663, 665 (8th Cir. 1986)*. "What is also important to understand is the privilege creates a distinction between the contents of a lawyer-client communication and the contents of a client's memory or files." *(Upjohn, 449 U.S. at 395-96)*.

The attorney-client privilege also does not protect the factual circumstances surrounding the attorney-client communication such as logistical details *(i.e. date, time, place communication happened or participants involved).* (*Mitchell v Superior Court* *(1984) 37 C3d 591, 601 n3).*

    Plaintiff's Interrogatories No. 1-5, 8, 16-17 and 19 seeks *(see* **exhibit 3***, pp. 3-5,7, 10-11,12)* the type of logistical detail described in the preceding text and are proper to be disclosed under discovery rules. Interrogatories No.8,16, 17 and 19 *(see* **exhibit 3***, pp.7,10,11,12)* would never fall into the perview of information or material covered by attorney-client or work-product privilege because these matters would have been conducted during the ordinary course of business within Neovia Logistics. A list of pre-defined job duties in reference to other similarly situated employees past and current *(rogg No.8, p.7)* would already be documented for those employees within the human resources department. Wage and/or salary audits *(rogg No.16, p.10)* would have probably been conducted periodically by HR and/or Payroll and documented. A conversation *(rogg No.17, p.11)* related to employee exemption status should have been communicated prior to hiring or during the early stages of employment to the employee hired. Educational backgrounds and/or diploma types for specified employees would already be documented and in an HR database known as "Success Factors" under "Employee Profile." Pre-hiring procedures require verification of education *(i.e. degree type if earned, institution).* A quick look into an employee's profile is all that it takes to provide this information to the plaintiff.

    Nonetheless, none of the information requested would qualify for protection under attorney-client or work product privilege because it would have been disseminated to the employee and among other authorized employees for records management purposes. There simply would not have been a consideration for such communication or documents to be intended only between a client and attorney when those activities would have happened during the ordinary course of business. Neovia Logistics has not met its burden in proving that the requested information and documents, if they actually exist, were prepared for the purpose of obtaining legal advice rather than business advice. (*Teltron, Inc. v. Alexander*, 132 F.R.D. 394, 396 (E.D. Pa. 1990). Therefore, the defendant fails the third prong of a three-prong qualifications test under the FED. R. CIV. P. 26(b)(3): *"prepared in anticipation of litigation or for trial."*

### Work-Product

    The work-product doctrine does not cover or protect documents merely because they are communicated to an attorney. The privilege only protects those documents that reflect communications between an attorney and client. Specifically, unless a pre-existing document was itself privileged before it was communicated to an attorney, it does not become privileged because of the transfer. *(Fisher, 425 U.S. at 404; Phillips v. C.R. Bard, Inc., 290 F.R.D. 615, 629 (D. Nev. 2013)).* A pre-existing document only maintains its privileged status if the document was kept confidential and was prepared to provide information to the lawyer in order to obtain legal advice. *(United States v. DeFonte, 441 F.3d 92, 94 (2d Cir. 2006)).* "The work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which

s/he can analyze and prepare his client's case." (*United States v. Noble*, 422 U.S. 225, 238 (1975)). As is already known, the defendant's assertion of attorney-client and work product privilege is not justified throughout its numerous objections to the plaintiff's interrogatories and document production requests and the objections are simply frivolous, unjustified and abusively applied. Based on Defendant's own admission in Interrogatory #14 *(see **exhibit** 3, p.9)*, if the defendant was not aware of any charges, claims or actions related to violations of the FLSA or other state labor laws against itself, then, Defendant cannot assert an objection where the basis of the assertion is non-existent. Defendant has also failed to show how and why Plaintiff's interrogatories and requests for production are *"unduly burdensome," "overly broad," "not relevant or proportional," "vague and ambiguous,"* and *"limited in subject-matter and temporal scope."*

To mention some of the frivolous objections used by the defendant that Plaintiff Owens found disturbing are:

### Interrogatory No.1 (rogg)

- ❖ Please provide the month and day for the years 2012 through 2014 and 2015 through 2017 that Neovia consulted with legal counsel whether internal, external or both to discuss employee exemptions in general and, specifically, evaluated the plaintiff's position of Continuous Improvement Supervisor.

    - **Defendant's response**: *"Defendant objects to this interrogatory...is not reasonably limited in subject matter or temporal scope. Defendant further objects to this interrogatory because it is overly broad and seeks information that is neither relevant to the claims or defenses in this lawsuit nor proportional to the needs of the case."*

    - ➤ **Plaintiff's inspection:** the basis for this civil suit and the substance of the interrogatory centers on a claim of misclassification by the plaintiff and an assertion of "exempt" by the defendant. To think that the rogg is irrelevant, not proportional and overly broad is absurd. The rogg is a fact-based request the defendant needs to be able to provide to substantiate its affirmative defense. If the request is not *relevant* to their defense, then, it can be presumed there is no history of communication with legal counsel or documentation for any purpose related to properly evaluating Plaintiff's exemption status during the time periods mentioned throughout Plaintiff's discovery requests. Therefore, since the requested information is inconsequential to the defendant, they cannot reasonably assert an objection of attorney-client or work product privilege as they have done so in Interrogatory #4. This is a complete contradiction.

### Interrogatory No.4 (rogg)

- ❖ Please provide the month and day for the years 2012 through 2014 and 2015 through 2017 when a job/duties analysis for the position of Continuous Improvement Supervisor was conducted...

    - **Defendant's response**: *"Defendant objects to this interrogatory because it is not reasonably limited in subject matter or temporal scope. ..further objects...to the extent that it seeks information that is protected from disclosure by the attorney-client privilege and the work product doctrine... further objects...because the phrase "job/duties analysis" is vague and ambiguous and fails to describe with reasonable particularity the information requested...further objects to this because... overly broad...seeks information that is neither relevant to the claims or defenses...nor proportional to the needs of the case."*

    - ➤ **Plaintiff's inspection:** a job/duty analysis is or should be a standard practice or function within an organization. Therefore, the ignorant plea of saying a job analysis is "vague and ambiguous" is unacceptable. Conducting such an analysis helps the employer understand an employee's actual job duties among other important factors *(i.e. work conditions, knowledge/skills/abilities (KSA's), time to perform tasks, essential duties..etc)*. This activity is directly proportional and critically

relevant to the needs of the case and absolutely necessary in order for an employer to be legally compliant to the FLSA and properly classify an employee as "exempt" or "non-exempt." Also, this information would or should be communicated to the employee so it would never be privileged because it would happen during the ordinary course of business. The information would have also been communicated within HR and documented and, thus, waiving any intended privilege between a client and attorney.

### Interrogatory No.12 (rogg)

- Please state with specificity any and all documents which are being withheld from production by virtue of any privilege of non-production or for any other reason,..."

  - **Defendant's response**: "Defendant objects...it seeks information that is protected from disclosure by the attorney-client privilege and the work-product doctrine...further objects...this interrogatory is premature...it seeks to impose a burden...greater than that imposed by the Rules...Defendant will respond, if necessary, by creating a privilege log...by, the Rules and applicable orders of the court."

  - **Plaintiff's inspection:** Defendant doesn't seem to have any of the documents requested by the plaintiff and if they did, Defendant would still be required to provide a privilege log.*(Rule 26(b)(5)(A))* It seems as if the defendant is going to wait until the Court orders them to provide a privilege log. This is not an efficient use of the Court's time or of the plaintiff's because the point of discovery is to respond to discoverable requests and produce documents without burdening the court to get involved.

### Interrogatory No.18 (rogg)

- List the date(s) and times that Plaintiff used discretion and independent judgment and deviated from any of the well-established techniques, procedures or specific standards described in any of Neovia's manuals...

  - **Defendant's response**: "Defendant objects...to the extent Plaintiff alleges he received commendations or awards, Plaintiff already has access to such information."

  - **Plaintiff's inspection:** Plaintiff cannot determine what compelled this portion of the response as the plaintiff made no mention of "commendations or awards" in rogg #18.

### Interrogatory No.19 (rogg)

- List the educational backgrounds of the following current and former employees only stating their diploma type...

  - **Defendant's response**: "Defendant objects...because it is overbroad and unduly burdensome... seeks information that is neither relevant...nor proportional...Defendant objects as this interrogatory is designed to intentionally harass...current and former employees and improperly seek information outside of the discovery process...further objects...this interrogatory seeks confidential and private information about third parties."

  - **Plaintiff's inspection:** It is beyond reason as to how current or former employees would be harassed by Plaintiff. Also, providing the names for those requested is discoverable and proper especially considering they are similarly situated as the plaintiff.

### Request For Production No. 4 (RFP)

- Provide documentation, whether hard copy, audio/video or electronic form, that shows Neovia has a formal, documented compliance review system that corresponds to the FLSA to evaluate the exempt status of its employees for the three (3) year period prior to January 2015 and the two (2) year period after 2015

  - **Defendant's response**: "Defendant objects to this request because the phrase "formal, review system that corresponds to the FLSA" is vague and ambiguous...fails to describe...the information requested, particularly since the FLSA requires no such system. Defendant objects...request is not reasonably limited in terms of subject matter or temporal scope...Defendant further objects...this request seeks information protected from disclosure by the attorney-client or the work-product privileges."

> **Plaintiff's inspection:** Defendant makes a great effort to obfuscate the underlying issues. An employer that acts in good faith and understands their duty has some type of formally documented process or system to aid and ensure that employees are properly classified and compensated under the FLSA. Without such a necessary formality, it is for certain an employer's actions will be found to be willfully negligent when an employment claim does arise.

### Request For Production No. 5 and 15 (RFP)

❖ All documents that contain or otherwise relate to the facts or information that Defendants contend refute, in any way, the allegations contained in the Complaint in this action.

- **Defendant's response:** *"Defendant objects to this request because it is overbroad and unduly burdensome…it would require Defendant to marshal all available evidence and information related to its defense of Plaintiff's claims…Defendant further objects…it seeks information that is protected by the attorney-client and work-product privileges. Subject to and without waiving the foregoing objection, Defendant will produce non-privileged, responsive documents in its possession, custody, or control, that refute Plaintiff's allegations in this matter that it locates after a diligent search."*

> **Plaintiff's inspection:** It was expected the defendant was going to produce non-privileged information in the first place instead of continually utilizing delay tactics.

### Request For Production No. 7-9 (RFP)

❖ See exhibit 11, pp.6-7. Defendant uses the same general objections and language in each of the RFP requests.

> **Plaintiff's inspection:** In particular is Defendant's response to RFP No.9 where it is stated, *"Defendant objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege…further objects that this request is **premature**."*

If this request is ***"premature,"*** then, it can reasonably be inferred that Defendant never consulted with an attorney to discuss the plaintiff's, or any other employee's, exemption status pre or post hire until the initiation of this case. Whereby, Plaintiff merely carried a designation of "exempt" without proper legal justification so that Defendant could avoid paying overtime. Thus, the plaintiff's job title of "supervisor," but having no direct reports or authority, is the standard procedural camouflage of Neovia Logistics to circumvent the laws of the FLSA governing overtime and employee classifications. It is, therefore, reasonable to conceive the defendant is just now evaluating Plaintiff Owens' exemption classification due to the pending litigation but, obviously, not in good faith.

### Request For Production No. 12 (RFP)

❖ Defendant's communications with its payroll department or any other payroll administrator relating to Plaintiff's treatment as an exempt or non-exempt employee or any other documents evidencing that Plaintiff was classified properly.

- **Defendant's response:** *"Defendant objects to this request…it seeks information that is protected from disclosure by the attorney-client privilege or the work product doctrine…objects…because it is overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant is currently aware of no such documents."*

> **Plaintiff's inspection:** If there are no such documents attesting to Plaintiff's exemption status being legitimately derived at by proper means, then, Plaintiff should have never been classified as exempt in the first place. By reason of the fact that payroll and similar functional departments typically perform such activities as wage and hour audits or job analyses, it is for certain that documentation would exist had a proper job analysis been performed on the Continuous Improvement Supervisor role as well as other Operational Excellence team member roles.

### Request For Production No. 13 (RFP)

❖ All insurance policies and declaration pages which may provide liability coverage or defense coverage to

the defendant in this case.

- **Defendant's response**: *"Defendant objects to this request because it is overbroad." Subject to the foregoing objection, Defendant will produce declaration pages from applicable insurance policies, if any."*
- ➢ **Plaintiff's inspection:** Another delay tactic as the document(s) should have been provided with this RFP.

## Request For Production No. 17 (RFP)

❖ A list of documents which are being withheld from production by virtue of any privilege of non-production or for any other reason, identifying each document by its name, date, author and recipient and specifying the reason for withholding it from production.

- **Defendant's response**: *"Defendant objects to this request because it purports to require Defendant to create a document not already in existence…further objects…this request seeks information protected from disclosure by the attorney-client privilege and the work product doctrine…further objects that this request is premature…it seeks to impose a burden on Defendant…without waiving the foregoing objections, Defendant states…it will provide a privilege log…"*
- ➢ **Plaintiff's inspection:** If there are no privileged documents in existence pre-litigation, then, there cannot reasonably be anything to protect. The strength of a defense hinders on a showing of legal compliance to the FLSA throughout the course of the plaintiff's employment. Most importantly, an origin in time *(pre-hire, immediately after hire)* that reflects the exemption was legally and properly asserted. All activity commenced by Defendant and representative Counsel to determine Plaintiff's exemption status after termination is foregone, and all documents created are inadmissible.

## Request For Production No. 18 (RFP)

❖ Any and all documents or recordings relating to any charges, claims or actions filed with the Department of Labor Wage & Hour Division or with any Court against the defendant within the past five years (5) for violations of the FLSA or state labor laws.

- **Defendant's response**: *"Defendant objects to this request because it is overbroad and unduly burdensome…not reasonably limited in terms of subject matter or temporal scope…Defendant states that no such documents exist…"*
- ➢ **Plaintiff's inspection:** Defendant supplied same response to Plaintiff Interrogatory No.14. Essentially, Defendant has never faced an FLSA or labor law claim. Therefore, no privileged communication or documentation would exist prior to the filing of this case.

## Request For Production No. 20 (RFP)

❖ Any and all written documentation or electronic communication that clearly and discernibly expressed that an understanding or mutual agreement existed, specifically, between Plaintiff and Defendant relating to the method of payment

- **Defendant's response**: *"Defendant objects to this request because the phrases "clearly and discernibly," "understanding of mutual agreement," "method of payment," and "half-time premium would be paid contemporaneously are vague and ambiguous and fail to describe with reasonable particularity the information requested….Subject to and without waiving the foregoing objections, Defendant…will produce responsive documents, if any, reflecting an agreement between Plaintiff and Defendant that Defendant locates after a diligent search."*
- ➢ **Plaintiff's inspection:** Defendant is avoiding answering based on a forged technicality. The purpose and significance of this request is reasonably clear. (<u>United States ex rel. Englund v. Los Angeles</u>, 235 F.R.D. 675, 684 (E.D. Cal. 2006). As stated before, this is part of Defendant's evade and stall strategy. If Plaintiff actually had such documentation he would have never filed this case.

### Request For Production No. 22-24 (RFP)

- All documentation for current and former employees for the position of Continuous Improvement Supervisor providing their name(s),...(RFP 23 refers to similarly situated employees; RFP 24 refers to job duties for RFP 23)

    - **Defendant's response**: "...*Defendant further objects that this request violates the privacy rights of third parties. Plaintiff is the only plaintiff in this matter and is not entitled to the production of documents related to other employees who are not involved in the lawsuit.*"

    - **Plaintiff's inspection:** Defendant is trying to avoid further exposure and liability from potential putative class members and, therefore, chooses to obstruct Plaintiff from attaining such discoverable information. *(Pioneer Electronics (USA), Inc. v. Superior Court* (2007) 40 Cal.4th 360). Plaintiff's can and are entitled to propound pre-certification discovery to identify names, addresses or telephone numbers. "All parties are entitled to 'equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties.'" *(Koo v. Rubio's Restaurant, Inc.* (2003) 109 Cal.App.4th 719, 736)

### Request For Production No. 25 (RFP)

- All documentation, recordings, electronic communication,...for the three (3) years prior to 2015 and the two (2) years after 2015 related to evaluations, assessments, training...attended by Defendant and conducted by the Department of Labor Wage & Hour Division (DOL) to understand FLSA laws and exemptions...

    - **Defendant's response**: "*Defendant objects...because it is overbroad and unduly burdensome and seeks information that is neither relevant...nor proportional to the needs of the case...statute of limitations is three years for willful FLSA violations. Defendant is currently aware of no such documents.*"

    - **Plaintiff's inspection:** There is no understanding as to why the Defendant willfully admitted to a fact of law stating that *"the maximum applicable statute of limitations is three years for willful FLSA violations"* where Plaintiff had not induced a request for such a response. Interestingly, in Plaintiff's Requests For Admission (RFA), there were 14 RFA (No.5,21,22,24,29,31,35,41,53,54,67,87,90,92) that Defendant denied stating, *"Defendant objects that this request calls for a legal conclusion. Subject to this objection, denied as phrased."* Here, the defendant pronounces a legal fact of law but denies it elsewhere which creates a contradiction to its previous RFA answers. Hence, those fourteen (14) requests for admission the plaintiff would like to have deemed admitted.

For the specific reasons delineated throughout this Motion, Defendant has not applied due diligence in making reasonable inquiries to obtain the requested information as is required under the rules for discovery. Defendant has attempted to evade every single interrogatory and production of document request because Defendant apparently has something to hide. The demonstrated actions by the defendant are not good examples of acting in good faith.

The defendant hasn't supplied any information regarding its electronically stored information, such as the type and number of databases used to store ESI; the location and accessibility of the databases; the manner in which the information is stored, backed-up, and used; and the capability of the systems to perform searches. In fact, Defendant hasn't submitted any detailed facts regarding the anticipated time and expense involved in responding to the discovery which is what is required under the newly amended Rule 34.

Wherefore, Plaintiff is respectfully asking this Court to compel Defendant to truthfully and specifically answer the interrogatories and provide the documentation requested without further delay and prejudice to this case.

Respectfully Submitted,

*[signature]*   Date: December 29th, 2017

Sean Owens
6009 W. Parker Rd., Unit 299
Plano, TX 75093
laaw777@gmail.com
contact: (469) 602-3155

## CERTIFICATE OF SERVICE

This is to certify Plaintiff served a true copy of the foregoing document via email, U.S. First Class, certified mail, return-receipt requested to Defendant Counsel at the following address:

Jana Scott Baker
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas 75225

Jeremy William Hays
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas 75225

*[signature]*   Date: December 29th, 2017

Sean Owens

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SEAN OWENS**.<br>Plaintiff,<br><br>v.<br><br>**NEOVIA LOGISTICS, SERVICES LLC**,<br>Defendant.<br>_____/ | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:17-CV-1719-G |

## ORDER

Plaintiff, Sean Owens, has moved to compel Defendant and its representative counsel to provide truthful, specific and non-frivolous answers to the Plaintiff's First Set Of Interrogatories and First Request For Production of Documents and Things. Defendant is required to provide executed responses as required by **Federal Rule of Civil Procedure 33 and 34**.

The undersigned has reviewed Plaintiff's Motion and accompanying Defendant responses as a standard of review and concludes that the Motion to Compel should be **GRANTED**.

**SO ORDERED**, this ____ day of _____, 2018.

_____
A. JOE FISH
Senior United States District Judge